UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RAYMUNDO RODRIGUEZ,

    Petitioner,

v.                                                Case No.: 5:23-cv-73-WWB-PRL

WARDEN, FCC COLEMAN – LOW,

    Respondent.
_____/

**ORDER**

Petitioner, Raymundo Rodriguez, is a federal inmate proceeding *pro se* on a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner asserts the Bureau of Prisons ("**BOP**") has failed to provide him with all applicable time credits under the First Step Act and seeks an order directing the BOP to properly calculate and apply his time credits towards his sentence. (*See id.* at 6, 8). Respondent, the Warden of FCC Coleman Low, moves to dismiss the Petition for Petitioner's failure to exhaust administrative remedies. (*See* Doc. 6 at 1). For the reasons set forth herein, the Court dismisses the Petition without prejudice.

**I.  BACKGROUND**

In September of 2018, Petitioner was sentenced to serve 87 months in the custody of the United States Bureau of Prisons, followed by 60 months of supervised release, for one count of conspiracy to possess with intent to distribute methamphetamine. *See United States v. Rodriguez*, No. 5:17-cr-699-XR (W.D. Tex.), Doc. 108. Petitioner's release date is currently projected to be December 19, 2023. *See* Inmate Locator, Fed. Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (last visited October 10,

2023). Petitioner asserts that the BOP is withholding his First Step Act time credits in violation of federal law. (Doc. 1 at 6). Petitioner concedes he did not exhaust administrative remedies but maintains the appeal process is inadequate and exhaustion would be futile. (*Id*. at 2, 13).

Respondent has moved to dismiss the petition without prejudice due to Petitioner's failure to exhaust his administrative remedies. (Doc. 6 at 1). In support of this contention, Respondent has submitted a declaration and certification of records by Kenneth Lee Richardson, an attorney for the Consolidated Legal Center at the Federal Correctional Complex in Coleman, Florida. (Doc. 6-4). Attorney Richardson asserts that although Petitioner "has filed six (6) administrative remedies while incarcerated[,]" "[n]one of the filed administrative remedies requests that Federal Time Credits be applied to his sentence." (*Id*. at 2). Attached to the declaration is a SENTRY Administrative Remedy report that confirms Petitioner has not filed any administrative remedies regarding Federal Time Credits nor the First Step Act. (*Id*. at 5–8).

Calculating credits towards an inmate's sentence is an administrative function of the BOP, and federal regulations give prisoners administrative avenues to challenge the BOP's computation of their credits. *See* 28 C.F.R. §§ 542.10–.19. The BOP has established the Administrative Remedy Program, which allows an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. The program has several levels, beginning with informal resolution at the inmate's institution. 28 C.F.R. § 13. Dissatisfied inmates may then file a formal complaint with the Warden, and appeal to the Regional Director and then to the General Counsel. *See* 28

2

C.F.R. §§ 542.10–.19. "Appeal to the General Counsel is the final administrative appeal." 28 C.F.R. § 542.15(a).

In this case, Petitioner claims entitlement to reductions under the First Step Act of 2018 ("**FSA**"), Pub. L. No. 115-391, §§ 101–102, 132 Stat. 5194. Under the FSA, eligible inmates who successfully complete certain evidence-based recidivism reduction programming or productive activities may receive time credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A), (C). An inmate can earn 10 days of credit for every 30 days of successful participation. *See* 18 U.S.C. § 3632(d)(4)(A)(i). Eligible inmates assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn five additional days of time credit for every 30 days of successful participation, for a total of 15 days' time credit per 30 days' successful participation. 18 U.S.C. § 3632(d)(4)(A)(ii). Section 3624(g) details the criteria for when a prisoner becomes eligible, considering earned time credit, for transfer to prerelease custody or supervised release. § 102(b), 132 Stat. at 5210–13. Section 3632 also provides that certain prisoners are ineligible to receive time credits, such as those who are "subject to a final order of removal under any provision of the immigration laws," 18 U.S.C. § 3632(d)(4)(E)(i), and those who have been convicted of certain enumerated offenses, 18 U.S.C. § 3632(d)(4)(D) (listing 49 offenses). If an inmate has a term of supervised released imposed as part of his sentence, "the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under section 3632." 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d).

Therefore, inmates are eligible to earn and apply a maximum of 365 days of FSA credit towards early transfer to supervised release.

## II.     LEGAL STANDARDS

A § 2241 petition provides a basis to "attack the execution, rather than the validity" of a petitioner's sentence. *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1079 (11th Cir. 2017) (en banc).

Although exhaustion of administrative remedies is not a jurisdictional requirement in a § 2241 proceeding, "that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). To properly exhaust administrative remedies, a petitioner must comply with an agency's deadlines and procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006) (addressing the exhaustion requirement in the Prison Litigation Reform Act).

When a respondent files a pre-answer motion to dismiss the petition because a petitioner did not exhaust his administrative remedies, the Court follows a two-step process in evaluating whether dismissal is warranted.[1] *See Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 856 (11th Cir. 2020) (citing *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). The Court considers the inmate's and respondent's factual

---

[1] Pursuant to Habeas Rule 1(b) of the "Rules Governing Section 2254 Cases," the Court has discretion to apply the Rules to habeas corpus petitions under § 2241. Amendments in 2004 to Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts permit the filing of a pre-answer motion to dismiss. *See* Rule 5, 28 U.S.C. foll. § 2254, advisory committee's note to 2004 amendment ("Revised Rule 5(a) . . . does not address the practice . . . where the respondent files a pre-answer motion to dismiss the petition. But revised Rule 4 permits that practice and reflects the view that if the court does not dismiss the petition, it may require (or permit) the respondent to file a motion.").

allegations; if they conflict, the Court will take the inmate's version of the facts as true. If the Court concludes that the inmate failed to exhaust, the petition "must be dismissed." *Blevins*, 819 F. App'x at 856. However, if the Court, assuming that the inmate's allegations are true, concludes that the petition is not subject to dismissal, the Court must proceed to the second step and "make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* "And at that second step, the respondent bears the burden of proving that the inmate has failed to exhaust all available administrative remedies." *Id.*

### III. DISCUSSION

In addition to Petitioner's acknowledgement that he did not complete the BOP's administrative remedy program as required, (Doc. 1 at 2), Respondent's declaration and exhibit corroborate that Petitioner has failed to file any administrative remedy requests regarding Federal Time Credits or the First Step Act. (Doc. 6-4). There is no dispute Petitioner did not exhaust his administrative remedies before filing his petition, thus allowing the Court to resolve the issue at the first step. However, Petitioner maintains exhaustion in his case would be futile. (Doc. 1 at 12). Therefore, the Court must determine whether to excuse Petitioner's failure to exhaust.

Although district courts in other circuits have granted habeas relief after consideration of a futility exception to the exhaustion requirement, "there are grounds for doubt that a futility exception is available in a § 2241 petition in this circuit." *Perez v. Joseph*, No. 3:22-cv-2055-MCR-HTC, 2022 WL 2181090, at *2 (N.D. Fla. May 4, 2022) (quoting *Tankersley v. Fisher*, No. 3:08cv382/MCR/EMT, 2008 WL 4371797, at *3 (N.D. Fla. Sept. 22, 2008)), *report and recommendation adopted*, 2022 WL 2176505 (N.D. Fla. Jun. 15, 2022). Caselaw prior to the Eleventh Circuit's holding in *Santiago-Lugo,* that an

exhaustion requirement in § 2241 proceedings is not jurisdictional, suggested there was no futility exception to exhaustion, *see McGee v. Warden, FDC Mia*., 487 F. App'x 516, 518 (11th Cir. 2012), and the Eleventh Circuit has not since considered whether a futility exception exists. If such an exception is applicable, futility exceptions apply only in "extraordinary circumstances" and require the petitioner to bear "the burden of demonstrating the futility of administrative review." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

Here, Petitioner does not allege any "extraordinary circumstances." In his petition, he argues that "the administrative remedy process cannot provide relief[.]" (Doc.1 at 12). Petitioner further asserts that exhaustion would be futile because the automated time credit calculation system is "a procedural dead-end" and he "cannot timely complete the administrative remedy process without extending the length of his incarceration." (*Id*.).

Exhaustion in the context of earned time credit calculation is especially important as the relief Petitioner seeks is not simply a matter of statutory construction. *See Villegas-Escobar v. Derr*, No. CV 22-500 JMS-KJM, 2023 WL 1993936, at *4 (D. Haw. Feb. 14, 2023) ("[C]oncerns regarding exhaustion are particularly relevant to time credits under the First Step Act."). Instead, this case presents the need for an individualized review of the programming Petitioner has taken and the number of credits he has earned. Also, a prisoner's security level and the risk and needs assessment can change under various circumstances, including opting out of programming or violating prison rules. For these reasons, the BOP is in the best position to first address Petitioner's concerns through the administrative remedy process. *See id*.; *see also Garten v. Pistro*, No. 5:22CV218/TKW/MAL, 2023 WL 2090281, at *1 (N.D. Fla. Feb. 17, 2023) ("That is so

because the Court can only resolve legal issues in the context of a discrete case, and unless and until BOP is given an opportunity to resolve the issue in the petitioning inmate's case, there is no ripe controversy for the Court to resolve."). Therefore, the petition will be dismissed without prejudice for Petitioner's failure to exhaust administrative remedies.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.
2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Orlando, Florida on October 11, 2023.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

c:
Raymundo Rodriguez, # 92738-380
Counsel of Record